UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS MATTHEW ROSS,

    Petitioner,

v.

WILLIS CHAPMAN,

    Respondent.

_____/

Case No. 2:19-cv-13729

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

**OPINION AND ORDER (1) GRANTING PETITIONER AN EXTENSION OF TIME TO (a) FILE A MOTION FOR RELIEF FROM JUDGMENT IN STATE COURT AND (b) FILE AN AMENDED HABEAS CORPUS PETITION FOLLOWING EXHAUSTION OF STATE REMEDIES [#7] AND (2) DENYING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY ON BOND [#8]**

## I. INTRODUCTION

This matter initially came to the Court on petitioner Nicholas Matthew Ross's *pro se* habeas corpus petition and motion to stay the proceedings and to hold his habeas petition in abeyance. (ECF Nos. 1 and 2.) On March 27, 2020, the Court granted Petitioner's motion for a stay and closed this case for administrative purposes. (ECF No. 6.) Now before the Court are Petitioner's Letter of Clarification (ECF No. 7), construed as a "Motion for Extension of Time," and his Emergency Motion for an Appeal Bond (ECF No. 8). For the reasons stated

below, the Court will deny Petitioner's motion for release on bond, but grant him an extension of time to comply with the Court's previous order in this case.

## II. BACKGROUND

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of three counts of criminal sexual conduct in the first degree. (ECF No. 1, PageID.2, 40.) The trial court sentenced Petitioner to prison for three concurrent terms of twenty-five to thirty-eight years. (*Id*.)

Petitioner appealed his convictions through counsel, raising two issues: (1) the trial court deprived him of a fair trial and committed judicial misconduct by instructing the jury that the complaining witness would be testifying truthfully; and (2) the trial court lacked authority to assess a late fee, and the fee violated his rights to equal protection and due process because he was indigent. (*Id*. at PageID. 2-3, 42-44.) In a *pro se* supplemental brief, Petitioner argued that: (1) Mich. Comp. Laws § 750.520(h) deprived him of the presumption of innocence and shifted the burden of proof to him; (2) section 750.520(h) deprived him of the effective assistance of counsel because it prevented trial counsel from putting the prosecutor's case to a meaningful adversarial test; (3) he was denied the effective assistance of counsel by counsel's failure to question the victim about her inconsistent and false testimony; and (4) he was denied a fair trial when the prosecutor made an improper remark during closing arguments. (ECF No. 1,

PageID. 3, 44-46.) The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, but it vacated the late penalty assessed by the trial court and remanded the case for entry of a corrected judgment of sentence. (*Id.* at PageID. 42-47); *see also People v. Ross*, No. 336263, 2018 WL 3551892 (Mich. Ct. App. July 24, 2018).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He alleged that his appellate attorney raised only the judicial-misconduct claim in the application for leave to appeal. (ECF No. 1, PageID. 3.) The Michigan Supreme Court denied leave to appeal on February 4, 2019. (*Id.* at PageID. 3, 49); *see also People v. Ross*, 503 Mich. 947; 922 N.W.2d 354 (2019).

Petitioner did not date his federal habeas petition, but it was postmarked on December 17, 2019, and filed on December 19, 2019. (ECF No. 1, PageID.1, 50.) His grounds for relief, as set forth in his supporting brief and re-numbered by the Court, are:

> I. Petitioner was denied his constitutional right to a fair trial when Judge Callahan committed judicial misconduct and instructed the jury that the complaining witness would be testifying truthfully.
>
> II. This Court should vacate the $260 late fee imposed [because] the trial court lacked statutory authority to assess the fee. Additionally, the fee violates Petitioner['s] equal protection and due process rights[,] as he is indigent.
>
> III. Petitioner was denied his right to a fair trial when statute MCL 750.520(h) deprived him of the presumption of innocence and shifted the burden of proof on to him.

3

   IV. Petitioner was denied effective assistance of counsel and [his] right to a fair trial when statute MCL 750.520h [prevented] counsel from putting the prosecutor's case to a meaning[ful] adversarial test.

   V. Petitioner was denied effective assistance of counsel when counsel failed to impeach and question the victim with her inconsistent and false testimony.

   VI. Petitioner was denied his right to a fair trial when the prosecutor made an improper remark in closing argument.

(*Id*. at PageID.6) (alterations added).

  In his motion for a stay and to hold his habeas petition in abeyance, Petitioner alleged that it was in his best interest to present his claims of ineffective assistance of counsel to the trial court in a motion for relief from judgment before this Court issued a decision on his habeas corpus claims. (ECF No. 2, PageID. 54.) The Court addressed Petitioner's motion for a stay in an order dated March 27, 2020. (ECF No. 6.) The Court stated it was unclear whether Petitioner wanted to re-raise his claims about counsel in a post-conviction motion in state court or whether he intended to exhaust state remedies for new claims concerning his former attorneys. The Court also stated that it was unclear whether Petitioner had exhausted state remedies for habeas claims three through six. (*Id*. at PageID.65.)

  The Court, nevertheless, granted Petitioner's motion for a stay and to hold his habeas petition in abeyance and directed him to file a motion for relief from judgment in the state trial court within sixty days of the Court's order if he had not

4

already done so. The Court also ordered Petitioner to file an amended habeas corpus petition and a motion to re-open this case within sixty days of exhausting state remedies. (*Id*. at PageID.67.) The Court then closed this case for administrative purposes. (*Id*. at PageID.68.) Now before the Court are Petitioner's "Letter of Clarification," construed as a "Motion for Extension of Time," (ECF No. 7) and his Emergency Motion for Release on Bond (ECF No. 8).

### III.  Discussion

### A.  The Letter of Clarification (ECF No. 7)

In his "Letter of Clarification," which the Court has construed as a motion, Petitioner clarifies how he intends to proceed in state court. First, he states that he will not be re-raising his current claim of ineffective assistance of counsel in a motion for relief from judgment; instead, he will be raising new issues of ineffective assistance of trial and appellate counsel in the motion. (ECF No. 7, PageID.69.) Second, in response to the Court's concern about habeas claims three through six, Petitioner states that he *did* exhaust state remedies for those habeas claims by raising the claims in the Michigan Court of Appeals and in the Michigan Supreme Court. (*Id.* at PageID.69, 72.)

Finally, Petitioner appears to object to the portion of the Court's previous order in which the Court directed him to file a motion for relief from judgment in the state court within sixty days of the Court's order granting a stay and to file an

5

amended habeas petition and a motion to re-open this case within sixty days of exhausting state remedies. (*Id*. at PageID.69-70.) Petitioner points out that there is no time limit for filing a motion for relief from judgment in state court, and that his parents cannot afford to retain an attorney to represent him during state post-conviction proceedings. (*Id.*) He also states that "his family is at [a] stand still" due to the stay-at-home directives related to the COVID-19 pandemic. (*Id*. at PageID.70.)

The Court understands Petitioner to be saying that he was unable to abide by the Court's order to file a motion for relief from judgment within sixty days of the Court's previous order and that he will be unable to return to federal court within sixty days of exhausting state remedies. However, he has demonstrated an ability to file *pro se* documents, and he may apply for appointment of counsel in state court when he files his motion for relief from judgment. *See* Mich. Ct. R. 6.505(A) (stating that, "[i]f the defendant has requested appointment of counsel, and the court has determined that the defendant is indigent, the court may appoint counsel for the defendant at any time during the proceedings under this subchapter" and that "[c]ounsel must be appointed if the court directs that oral argument or an evidentiary hearing be held").

Furthermore, a habeas petitioner could take an undue amount of time if no limit were placed on the time for commencing state post-conviction proceedings

6

and the time for returning to federal court following post-conviction proceedings. To allay that concern, the United States Court of Appeals for the Sixth Circuit has found it "eminently reasonable" to allow only thirty days after a stay is entered for the petitioner to present his unexhausted claims to the state court and thirty days after state-court exhaustion is completed to return to federal court. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id*. (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

Petitioner has already had eight months since the Court's previous order to commence post-conviction proceedings in state court. And given the guidelines set forth in *Palmer*, the Court is unwilling to grant Petitioner an unlimited amount of time to file a motion for relief from judgment in state court. The Court, nevertheless, will extend the deadlines established in the Court's previous order. Petitioner shall have **thirty (30) days** from the date of this order to file a motion for relief from judgment in the state trial court. He shall also have **thirty (30) days** from the conclusion of state post-conviction proceedings to file a motion to re-open this case and an amended habeas corpus petition if he is unsuccessful in state court. Failure to comply with this order could result in the dismissal of this action. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

### B. The Emergency Motion for Release on Bond (ECF No. 8)

Petitioner has asked the Court to release him on bond because of the danger posed to his health by COVID-19 while he is incarcerated. (ECF No. 8, PageID.73.) His health conditions include high blood pressure, moderate bronchitis, high cholesterol levels, the human papilloma virus, and acid reflux disease. (*Id.*) Although Petitioner contends that he tested positive for COVID-19 and experienced its symptoms earlier this year, he subsequently tested negative for the virus on two occasions. (*Id.* at PageID.76.) Yet he fears a second outbreak due to the communal nature of his incarceration. (*Id.* at PageID. 78.) He has agreed to abide by any restrictions that the Court may impose upon his release from prison, and he alleges that he has a support system consisting of five individuals, including his mother and stepfather. (*Id*. at PageID.75-76.)

Petitioner's request for release due to COVID-19 is completely unrelated to the claims raised in his habeas petition. As such, the claims and relief requested in Petitioner's motion are "outside the scope of this lawsuit." *McCoy v. Torres*, No. 1:19-cv-01023, 2020 WL 6872919, at *2 (E.D. Cal. Nov. 23, 2020) (unpublished). Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition. *See Craig v. Mackie*, No. 2:17-cv-12830, 2020 WL 4001899, at *8 (E.D. Mich. July 15, 2020) (unpublished decision citing *Smith v. Zuercher*, No. 7:08-cv-229,

2009 WL 499112, *4, n.2 (E.D. Ky. Feb. 27, 2009)). The Court, therefore, denies without prejudice Petitioner's emergency motion for release on bond.

## ORDER

For the reasons set forth above, Petitioner's "Letter of Clarification," construed as "Motion for Extension of Time" (ECF No. 7) is GRANTED. It is **ORDERED** that Petitioner shall have **thirty (30) days** from the date of this order to file a motion for relief from judgment in the state trial court. Failure to comply with this order could result in the dismissal of this action. *Calhoun*, 769 F.3d at 411.

It is further **ORDERED** that Petitioner shall have **thirty (30) days** from the conclusion of state post-conviction proceedings to file a motion to re-open this case and an amended habeas corpus petition if he is unsuccessful in state court. Failure to comply with this order could result in the dismissal of this action. *Id*.

It is further **ORDERED** that Petitioner's emergency motion for release on bond (ECF No. 8) is **DENIED** without prejudice.

                                           <u>s/Gershwin A. Drain</u>
                                           Hon. Gershwin A. Drain
Date: January 15, 2021                 United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 15, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager